# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| BRENDA BECKMAN and JAMES BECKMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 09-CV-3310 ) |
| SHOPKO STORES OPERATING CO., | ) ) ) |
| Defendant. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court on Defendant's Motion for Summary Judgment (d/e 23). Defendant Shopko Stores Operating Co. operates a retail store in Jacksonville, Illinois. Count I of Plaintiffs' Complaint alleges that Brenda Beckman was injured when she slipped on a piece of a broken plastic hanger at Defendant's store. See Notice of Removal (d/e 1), Attachment 3, Original Complaint and Summons. In Count II, Plaintiff James Beckman, Brenda's husband, alleges a loss of consortium claim. Defendant moves for summary judgment on both counts of Plaintiffs' Complaint. For the reasons set forth below, Defendant's Motion for Summary Judgment is allowed.

BACKGROUND

Defendant timely filed the pending Motion for Summary Judgment on July 13, 2010 and served Plaintiffs' counsel with a copy of it through the Court's electronic filing system.  See Motion for Summary Judgment, p. 11, Certificate of Service.  Defendant's Motion contains a statement of numbered undisputed material facts as required under Local Rule 7.1(D)(1)(b).  Plaintiffs failed to respond to Defendant's Motion for Summary Judgment within the time allowed under Local Rule 7.1(D)(2).  Under Local Rule, "[a] failure to respond will be deemed an admission of the motion" and "[a] failure to respond to any numbered fact will be deemed an admission of the fact."  Local Rule 7.1(D)(2) & (D)(6).  Thus, the following facts are deemed admitted.  However, the Court notes that each fact is also supported by the undisputed record evidence, as cited below.

Brenda Beckman was deposed on May 13, 2010.  Motion for Summary Judgment, Ex. A, Deposition of Brenda Beckman (B. Beckman Dep.).  She testified that, on the relevant date at approximately 10:00 a.m., she was walking to get a cart from an open place in Defendant's store, while carrying her purse and a cell phone in her left hand, when her right foot slipped forward and "kind of slung [her] head back . . . ."  B. Beckman

Dep., p. 17, 23.[1]  When she slipped, Brenda reached out with her right hand and grabbed hold of the handle of a cart.  Id. at 17.  Brenda did not fall, but her neck jerked and she heard something pop in her leg.  Id. at 17, 21.  Brenda determined that she had slipped on a piece of a plastic hanger with a metal clip on it.  Id. at 18.  Brenda estimated that the piece of the hanger was 2.5 to 3 inches long.  Id.  Brenda testified that the hanger was clear plastic and the floor at the point where she slipped was a light colored tile.  Id. at 19.

After she slipped, Brenda picked up the piece of hanger and walked over to Shopko employees Theresa Howard and Steve.[2]  B. Beckman Dep., p. 20-21.  Brenda held out the hanger and said that she had slipped on it.  Howard asked Brenda whether she had fallen.  Brenda responded "no, I didn't fall but my leg went forward and I jerked my neck and I heard something pop in my leg."  Id. at 21.  Howard and Steve took the piece of the hanger and stated that they were glad that Brenda did not fall.  According to Brenda, Howard said that "this" had happened "with other

---

[1]Defendant has provided the Court with excerpts from Brenda Beckman's deposition.  For clarity, the Court will cite to the deposition by its internal page numbers rather than by the page numbers assigned by the Court's electronic filing system.

[2]The record does not reflect Steve's last name.

employees" and that Howard tried to look around and make sure she kept "them picked up." Id.

Brenda testified that she had no personal knowledge regarding how the hanger came to be on the floor and she did not know how long the piece of hanger had been on the floor. B. Beckman Dep., p. 19-20. Brenda further testified that she had no information that any employee of Shopko was aware that the piece of hanger was on the floor. Id. at 20. According to Brenda, no one witnessed her slip. Id. at 21. Brenda testified that there was no reason why she did not see the piece of hanger prior to slipping on it and, had she been looking down at the floor, she would have been able to see the hanger piece. Id. at 33-34. Brenda agreed that she was not distracted by anything as she entered Defendant's store. Id. at 35.

Brenda Beckman has no information as to how the plastic hanger came to be on the floor. See Text Order, dated June 29, 2010 (deeming admitted facts set out in the Request for Admissions to Plaintiff Brenda Beckman (d/e 20-1)). Brenda Beckman has no information as to when the plastic hanger came to be on the floor. Id.

ANALYSIS

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiffs are citizens of Illinois. Defendant is a limited liability corporation organized under the laws of Delaware, with a principal place of business in Wisconsin. None of Defendant's members are citizens of Illinois. Affidavit (d/e 6), ¶ 5. The amount in controversy exceeds $75,000.00. Notice of Removal, p. 2.[3]

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc.,

---

[3] Illinois law does not allow a personal injury plaintiff to plead an ad damnum clause with specificity. See 735 ILCS 5/2-604. Defendant, as the party that electing to proceed in federal court, must "set out the basis of federal jurisdiction and prove any contested factual allegation." Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540 (7th Cir. 2006). When the complaint at issue lacks an ad damnum sufficient to establish the requisite amount in controversy, a removing defendant has the burden of establishing the size of the claim in some other way. Rising-Moore v. Red Roof Ins, Inc., 435 F.3d 813, 815-16 (7th Cir.2006). In its Notice of Removal, Defendant asserted that the amount in controversy exceeded $75,000.00, noting that Brenda Beckman claims to have suffered great pain and lost large sums of money, including accumulated medical expenses for treatment and a hip surgery. Plaintiffs did not contest Defendant's assertions.

477 U.S. 242, 248 (1986). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact and that judgment as a matter of law is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). When a properly supported motion for summary judgment has been made, the party opposing summary judgment may not merely rest on the pleadings but must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). "A party must present more than mere speculation or conjecture to defeat a summary judgment motion." Liu v. T & H Machine, Inc., 191 F.3d 790, 796 (7th Cir. 1999). The Court must consider the evidence in the light most favorable to the non-moving party, here the Beckmans, and draw all reasonable inferences in their favor. See Anderson, 477 U.S. at 255. The Court addresses each claim under this standard.

    A.  Count I

In Count I, Brenda Beckman seeks to recover for her injuries. From the allegations of Count I, it is unclear whether Brenda is proceeding under a premises liability or a negligence theory. As set forth below, Defendant is entitled to summary judgment under either theory.

The Court turns first to premises liability. Possessors of land owe certain duties to individuals on their land. See W. Keeton, Prosser & Keeton on Torts § 57, at 386 (5th ed. 1984). Illinois has adopted § 343 of the Restatement (Second) of Torts, which provides as follows:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

Deibert v. Bauer Brothers Construction Co., 566 N.E.2d 239, 241 (Ill. 1990) (citing Restatement (Second) of Torts § 343, at 215-16 (1965)); see also Reddick v. Dillard's Inc., 2010 WL 1752555, at *1 (S.D. Ill. April 30, 2010) (applying Illinois law); Gentry v. Shop 'n Save Warehouse Foods, Inc., 2010 WL 1433410, at *2-3 (C.D. Ill. April 7, 2010) (applying Illinois law). Defendant asserts that it is entitled to summary judgment because the undisputed evidence establishes both that it did not have actual or constructive notice of the dangerous condition and that the condition was open and obvious to Brenda Beckman.

The record is devoid of evidence that the hanger piece came to be on the floor by negligence attributable to Defendant or that the Defendant had either actual or constructive notice that the piece of hanger was on the floor.  Defendant asserts that Plaintiffs can produce no admissible evidence that Defendant received prior complaints about broken hangers in the shopping cart area of the store.  Motion for Summary Judgment, p. 6.  Brenda testified that Theresa Howard said at the time of the incident that "this" had happened "with other employees" and that Howard tried to look around and make sure she kept "them picked up."  B. Beckman Dep., p. 21.  However, Plaintiffs fail to establish a foundation to show that this hearsay statement would be admissible.  Additionally, Plaintiffs fail to identify any other evidence that would support a finding that § 343(a) has been satisfied.

Under § 343(b), liability hinges on whether a defendant should expect that invitees will not discover or realize the danger or will fail to protect themselves against it.  Defendant asserts that the piece of the hanger was an open and obvious condition, precluding liability.  A court in the Southern

District of Illinois, applying Illinois law, characterized the open and obvious doctrine as follows:

> Persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious. For a condition to be open and obvious, an invitee must reasonably be expected to discover it and protect himself against it. [T]he issue of whether a condition is obvious is determined by the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge.

Reddick, 2010 WL 1752555, at *1 (internal quotations and citations omitted).

The undisputed record evidence reveals that the hanger piece would be open and obvious to a reasonable person. Brenda Beckman testified that, had she been looking down at the floor, she would have been able to see the hanger piece, which was on a light tile floor in an open space. B. Beckman Dep. at 17, 19, 34. Plaintiffs do not identify any evidence to support a finding that an exception to the open and obvious doctrine applies, and the Court's review of the record evidence reveals none. Defendant is entitled to summary judgment on Count I under a premises liability theory.

To succeed on a negligence claim, Brenda Beckman must establish the following three elements: "a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." Ward v. K Mart Corp., 554 N.E.2d 223, 226 (Ill. 1990); see also Wilfong v. L.J. Dodd Const., 930 N.E.2d 511, 519 (Ill. App. 2d Dist. 2010). Defendant asserts that Plaintiffs cannot establish that a duty existed under the facts of the instant case. The Court agrees.

Whether a duty exists is a question of law. LaFever v. Kemlite Co., a Div. of Dyrotech Industries, Inc., 706 N.E.2d 441, 446 (Ill.1998). In analyzing the existence of a duty, Illinois courts consider the following factors: (1) the reasonable foreseeability of injury; (2) the likelihood of injury; (3) the magnitude of the burden of guarding against injury; and (4) the consequences of placing that burden on the defendant. Wilfong, 930 N.E.2d at 519. In analyzing these factors, courts reference § 343 of the Restatement (Second) of Torts. Id. The open and obvious condition doctrine is applicable to negligence claims as well. Id.. at 520. The determination as to whether a condition is open and obvious is a question of law where there is no dispute about the physical nature of the condition. Id.

> Whether a condition is open and obvious plays a large role in whether a duty exists because it relates to the issues of foreseeability and likelihood of injury. That is, it is not reasonably foreseeable that someone will be injured by an open and obvious condition because it is assumed that people will appreciate the risks of such a condition and exercise care for their own safety. Similarly, the likelihood of injury from open and obvious conditions is considered slight because the law assumes that individuals encountering such conditions will appreciate and avoid the risks.

Id. (citations omitted).

Turning to the facts of the instant case, as set forth above, the undisputed record evidence reveals that the hanger piece would be open and obvious to a reasonable person. Again, Plaintiffs do not identify any evidence to support a finding that an exception to the open and obvious doctrine applies. Thus, the first two factors of the duty analysis weigh in favor of Defendant. There is no evidence on the third and fourth factors. Therefore, the record evidence supports a finding that Defendant owed no duty to Brenda Beckman. Defendant is entitled to summary judgment on Count I under a negligence theory.

B. Count II

James Beckman's loss of consortium claim is a derivative one, which incorporates by reference the allegations of Count I. Thus, for the reasons

set forth in subsection A, Defendant is entitled to summary judgment on Count II as well.

## CONCLUSION

THEREFORE, Defendant's Motion for Summary Judgment (d/e 23) is ALLOWED. Summary judgment is entered in favor of Defendant Shopko Stores Operating Co. and against Plaintiffs Brenda and James Beckman on Counts I and II of the Complaint. All pending motions are denied as moot. THIS CASE IS CLOSED.

IT IS THEREFORE SO ORDERED.

ENTER:   August 18, 2010.

       FOR THE COURT:

                _____s/ Byron G. Cudmore\_\_\_\_\_
                BYRON G. CUDMORE
          UNITED STATE MAGISTRATE JUDGE